Field *et al. v.* Rawlings.

ALEXANDER P. FIELD *et al.*, plaintiffs in error, *v.* MOSES M. RAWLINGS, defendant in error.

*Error to Gallatin.*

A. and others as his sureties executed their bond to B., which contained a condition, stipulating that if the Legislature or the Supreme Court should decide that A. was not legally entitled to a sum of money paid to him by B., the money should be refunded. B. brought a suit upon the bond, alleging, among other things, a failure to pay the money, and a neglect on the part of A. to procure the decision aforesaid: *Held,* that, by the terms of the bond, neither A. nor his sureties were obliged to procure such a decision: *Held,* also, that a decision of the Senate, or either branch of the Legislature, would not be sufficient to bind the obligors.

A surety is only bound according to the strict terms of his contract; his liability cannot be extended by implication.

DEBT on bond, in the Gallatin Circuit Court, brought by the defendant in error against the plaintiffs in error. The case was heard before the Hon. Walter B. Scates, at the May term 1844, on demurrer to the declaration, which demurrer was overruled, and judgment rendered for the plaintiff in the Court below for $1040·25.

The substance of the bond, and the declaration thereon, is set out in the Opinion of the Court.

*A. Lincoln,* and *H. Eddy,* for the plaintiffs in error, cited 1 Chitty's Pl. 354, as to condition precedent; 3 Johns. 146; 6 T. R. 710; 1 Powell on Con. 397, citing Dyer, 17 *a; Miller v. Stewart,* 9 Wheat, 680; S. C. 3 Peters' Cond. R. 395, notes; 5 Coke's R. 22 *a.*

*L. Trumbull,* for the defendant in error, cited the statute in relation to the fees of Secretary of State, and contended that the charge for the services performed was unauthorized. R. L. 283.

As to the sufficiency of the declaration, see 2 Chitty's Pl. 144, 318; *White* v. *Snell,* 5 Pick. 425.

*J. A. McDougall,* on the same side, among other things, contended that the last breach assigned in the declaration, was the correct breach. The Legislature had already decided that the fees were not chargeable, and a further determination of that question was unnecessary.

The Opinion of the Court was delivered by

SHIELDS, J. This was an action of *debt* brought by the defendant in error against the plaintiffs in error, in the Gallatin Circuit Court, on a bond given under the following circumstances, and with the following condition, to wit : Field, as Secretary of State, presented to Rawlings, as Fund Commissioner, an account claiming seventy five cents per bond, for affixing the Seal of State to one thousand State bonds. Rawlings took the bill, and took the bond upon which this suit is brought, executed by Field as principal, and his co-plaintiffs in error as sureties, conditioned that Field should return the money with legal interest thereon, in case it should be decided by the Legislature or the Supreme Court, that the fees were not legally chargeable to the Fund Commissioner.

The declaration assigns several breaches of the condition aforesaid.

1. A general performance by the plaintiff, and a failure to perform on the part of the defendants.

2. A failure to pay the seven hundred and fifty dollars with interest, or any part thereof.

3. That the said Field did not have it decided by the Legislature or Supreme Court, that the fees were not legally chargeable to the Fund Commissioner.

4. That the fees were not legally chargeable to the Fund Commissioner.

5. That the Legislature, by the Senate thereof, at the Twelfth General Assembly of the State of Illinois, on the ninth day of January, 1841, decided that the said fees were not legally chargeable to the Fund Commissioner.

The defendants below demurred to this declaration. The Court overruled the demurrer, and gave judgment for the plaintiff below. The overruling of the demurrer, and the rendering of judgment are now assigned for error.

The defendants below entered into a penal bond to pay the plaintiff the sum of seven hundred and fifty dollars, with legal interest, in case the Legislature or Supreme Court should decide that Field was not legally entitled to that sum. The stipulation is express, that such a decision must be made by the Legislature or the Supreme Court, before the obligors shall be chargeable on the bond. But Field, it is said, was bound to procure that decision to be made. Such is not the condition. The sureties did not stipulate that Field should procure the decision to be made. There is but one single stipulation in the bond, and we cannot insert an additional stipulation as against the sureties by implication.

They are only chargeable according to the strict terms of the bond. The case of *Millar* v. *Stewart,* 9 Wheat, 680, is decisive on this point. Justice Story there says, " Nothing can be clearer, both upon principle and authority, than the doctrine that the liability of the surety is not to be extended by implication, beyond the terms of the contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. He has a right to stand upon the very terms of his contract." This is the doctrine established by all the cases, and cannot be departed from in this instance.

It is clear that, according to this principle, a decision by the Senate, or by either branch of the Legislature, would not be sufficient. It must be a decision by the Legislature, according to the terms of the obligation. This could have been, and can still be, easily done, by joint resolution. So

far as Field himself is concerned, having received the money without authority of law, or rather, contrary to law, he is absolutely liable to repay the same, with interest, in an action against himself. But his sureties stand on a very different footing, and are only liable according to the strict terms of their bond.

The judgment below is, therefore, reversed with costs, and the cause remanded, with leave to amend the proceedings.

.    *Judgment reversed.*